FILED
2025 AUG -5 AM 11:28
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY [signature] DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHERINE STARR, an individual, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:25CV01216 RP |
| | § | |
| GOOGLE LLC, a Delaware | § | |
| limited liability company, | § | |
| Defendant. | § | |

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:

1. FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a))
2. TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
3. NEGLIGENT DIGITAL ARCHITECTURE
4. VIOLATION OF COMMERCIAL ATTRIBUTION RIGHTS
5. DECLARATORY RELIEF

## INTRODUCTION

1. Plaintiff KATHERINE STARR ("Plaintiff") is an Olympian, legal theorist, and expert witness who has authored a series of original, trademarked legal frameworks addressing digital harm, platform negligence, and institutional accountability.
2. Plaintiff brings this action to redress and halt Defendant GOOGLE LLC's systemic disconnection of Plaintiff's name from her published legal frameworks and original scholarship, a pattern which constitutes reputational erasure, commercial interference, and algorithmic suppression under federal law.
3. Despite proper authorship attribution, structured metadata, trademarked terminology, and verified publication across academic and legal platforms, Defendant has knowingly and foreseeably suppressed Plaintiff's identity from search results where her frameworks appear prominently, causing ongoing economic injury and professional dilution.
4. This Complaint seeks injunctive and declaratory relief, and monetary damages for Google's tortious and negligent conduct that impairs Plaintiff's right to be recognized as the author of her own intellectual property in the digital public square.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as Plaintiff brings claims arising under federal law, including the Lanham Act, 15 U.S.C. § 1125(a).
6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Plaintiff resides and maintains her professional business operations within the Western District of Texas.

## PARTIES

7. Plaintiff Katherine Starr is a natural person domiciled in the State of Texas. She is an Olympian, legal theorist, and public intellectual. Plaintiff is the original author of multiple legal frameworks, including, but not limited to, *Negligent Dating™, Negligent Digital Access™, Negligent Digital Architecture™*, and the *Digital Maritime Doctrine™*. These frameworks are publicly associated with Plaintiff's name through various published writings. The claims in this complaint concern the suppression, de-attribution, and algorithmic decoupling of Plaintiff's name from these authored works on Defendant's platform.
8. Defendant Google LLC is a Delaware limited liability company with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California. Defendant operates the world's dominant search engine and controls the discoverability of public information via its search algorithms.

## FACTUAL BACKGROUND

9. Plaintiff has authored and published several legal frameworks addressing systemic negligence in digital environments. These frameworks are publicly available on Plaintiff's official website and through indexed platforms including ResearchGate, government trademark databases, and third-party legal repositories.
10. Plaintiff has implemented proper Schema.org metadata, sameAs author identifiers, internal anchor links, and consistent attribution of authorship on all published frameworks.
11. Google's search results systematically return Plaintiff's legal theories for topical queries (e.g., "digital harm," "Negligent Digital Architecture™"), yet fail to return Plaintiff's

name in connection with these works, even when user queries include her full name and title.

12. Google's behavior constitutes digital erasure of author identity. This omission is not the result of user behavior or a lack of structured data; rather, it reflects a deliberate or reckless disregard for source attribution.

13. As a direct result of Google's suppression of Plaintiff's name, derivative or less authoritative content is surfaced instead, diverting recognition, professional opportunity, and search authority away from the rightful originator of the frameworks.

14. Despite Plaintiff's verified Knowledge Panel and longstanding public identity, Google's search engine surfaces unrelated individuals named "Katherine Starr"—including tattoo artists and personal social media accounts—while omitting Plaintiff's professional profiles, published works, and authoritative presence. Google internally recognizes Plaintiff's identity continuity, including her legal name change from Olympian Annabelle Cripps to Katherine Starr. The algorithm's persistent elevation of lesser-known individuals over Plaintiff's verified authorship constitutes reputational filtration and digital reassignment of identity.

15. In *United States v. Google LLC*, No. 1:20-cv-03010 (D.D.C.)[1], the U.S. Department of Justice and several states alleged that Defendant's search engine design favors commercial control and institutional alignment at the expense of independent visibility. Among the documented behaviors were structural manipulations that distort what information surfaces, and from whom. These findings support the inference that Defendant's systems are capable of severing the linkage between creators and their

[1] U.S. Dep't of Justice, Complaint, United States v. Google LLC, No. 1:20-cv-03010 (D.D.C. Oct. 20, 2020), https://www.justice.gov/opa/press-release/file/1328941/download.

work—such as omitting Plaintiff's name from search results where her authored legal frameworks appear—thereby interfering with attribution, discoverability, and the public's ability to recognize Plaintiff as the originator of those frameworks.

16. Plaintiff has suffered measurable reputational injury, commercial loss, and market dilution as a result of this conduct.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION False Designation of Origin (15 U.S.C. § 1125(a))**

17. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

18. Plaintiff is the originator and sole author of multiple legal frameworks, including but not limited to Negligent Dating™, Negligent Digital Access™, Negligent Digital Architecture™, and the Digital Maritime Doctrine™. These frameworks are publicly attributed to Plaintiff in published writings, academic forums, and third-party references. This claim concerns the systematic decoupling of Plaintiff's name from these authored frameworks within Defendant's search infrastructure.

19. Defendant Google, through its search engine and algorithmic infrastructure, intentionally or recklessly omits attribution of these frameworks to Plaintiff in search result displays, metadata previews, and authority link structures, even when queries include Plaintiff's name or the titles of her trademarked frameworks.

20. Defendant's failure to associate Plaintiff's name with her frameworks, while surfacing derivative or competing content, constitutes a false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a). It creates confusion as to the source of the legal

frameworks and diminishes the exclusive connection between Plaintiff and her intellectual property.

21. Google's conduct has caused actual confusion in the marketplace, diverted digital authority away from Plaintiff, and impaired her ability to benefit commercially and reputationally from her original work.

22. Plaintiff has suffered reputational harm, disruption of professional opportunities, and diminished public recognition of authorship. This algorithmic disassociation has impaired her discoverability, reduced citation and referral potential, and suppressed the visibility of frameworks she personally originated and published.

23. Plaintiff is entitled to damages, including corrective attribution and equitable relief to restore proper digital recognition of authorship and source.

**SECOND CAUSE OF ACTION Tortious Interference with Prospective Economic Advantage**

24. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

25. Plaintiff's authorship of original legal frameworks is central to her public and professional identity. Plaintiff is regularly engaged by attorneys, legal teams, academic institutions, and consulting platforms based on her expertise and published work. The algorithmic suppression of her name has interfered with the discoverability and attribution necessary to sustain and grow such professional opportunities.

26. Defendant Google's search algorithm and indexing practices have interfered with these relationships by deliberately or negligently omitting Plaintiff's name from search results

where her frameworks appear, thereby frustrating third parties' ability to identify and engage Plaintiff as the rightful source.

27. This pattern of decoupling is consistent with the broader algorithmic behaviors documented in *United States v. Google LLC*, No. 1:20-cv-03010 (D.D.C.)[2], which described deliberate ranking and structuring tactics that advantage preferred entities while impairing unaffiliated visibility. The DOJ's findings reinforce the foreseeability that Defendant's systems could functionally dissociate authors from their published material, disrupting professional engagements and injuring commercial identity, as occurred in Plaintiff's case.

28. Defendant was aware, or reasonably should have been aware, that Plaintiff's name and digital presence are essential to her public credibility, professional engagements, and recognition as the author of multiple legal frameworks.

29. As a result of this interference, Plaintiff has experienced decreased visibility, reputational harm, professional misattribution, and the improper amplification of derivative content that omits attribution to her as the original author.

30. Defendant's conduct was intentional, willful, or carried out with reckless disregard for Plaintiff's digital identity, public authorship, and right to attribution.

31. Plaintiff seeks injunctive relief, declaratory judgment, and any other appropriate remedies to address and prevent the ongoing algorithmic suppression of her name, misattribution of authorship, and interference with her digital identity and public recognition as the author of original legal frameworks.

---

[2] U.S. Dep't of Justice, Complaint, United States v. Google LLC, No. 1:20-cv-03010 (D.D.C. Oct. 20, 2020), https://www.justice.gov/opa/press-release/file/1328941/download.

**THIRD CAUSE OF ACTION Negligent Digital Architecture**

32. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

33. Defendant Google occupies a position of extraordinary control over the public discoverability of individuals and their professional identities through its search infrastructure and indexing systems.

34. As a platform with constructive knowledge of the reliance placed on its systems by professionals, scholars, legal practitioners, and the public, Google owes a duty of care to ensure that its digital architecture does not foreseeably cause reputational or attribution-related harm to individuals whose identities and authored works are indexed on its platform.

35. Despite Plaintiff's use of structured metadata, consistent authorship language, and verified identity across publications, Defendant has designed and deployed algorithmic systems that filter, disaggregate, or omit her name in connection with the very content she created.

36. This omission is not incidental; it is the foreseeable result of an indexing and ranking system that prioritizes platform compatibility, institutional affiliations, and platform-sanctioned authority over verifiable, original authorship.

37. Defendant's failure to maintain reasonable care in designing or maintaining a digital infrastructure that ensures accurate author attribution constitutes negligence under prevailing standards of professional duty.

38. As a direct result of this negligent design, Plaintiff has suffered ongoing harm, including decreased visibility in search results, confusion regarding the origin of her authored

frameworks, and reputational injury resulting from the suppression of her name in connection with her intellectual contributions.

39. Plaintiff is entitled to damages and injunctive relief requiring Defendant to repair the attribution pathways and prevent future omission or filtration of Plaintiff's identity from her authored works.

**FOURTH CAUSE OF ACTION Violation of Commercial Attribution Rights**

40. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

41. Plaintiff's name, reputation, and authorship constitute integral elements of her public identity and professional credibility. The misattribution and suppression of her name in connection with authored legal frameworks causes reputational injury and impairs her ability to be recognized for her intellectual contributions.

42. By structurally detaching Plaintiff's name from search results referencing her original legal frameworks, Defendant has deprived Plaintiff of the right to be accurately represented as the author of her work in digital information environments.

43. Attribution is a recognized and essential element of public integrity in digital spaces. Defendant's suppression of Plaintiff's identity undermines the core principle of truth in origin and authorship, resulting in reputational injury and erosion of public trust in the accuracy of search-based information.

44. Plaintiff's authored frameworks constitute original intellectual contributions that hold significance in public, academic, and professional contexts. The absence of proper attribution impairs Plaintiff's ability to be recognized for these contributions, interferes

with professional visibility, and diminishes her credibility as the author in digital information systems.

45. Defendant's conduct reflects a failure of digital responsibility by eroding the connection between identity and authorship in a public information system. This decoupling undermines Plaintiff's ability to be accurately represented as the author of her intellectual contributions and injures her reputation in academic and professional contexts.

46. Plaintiff seeks injunctive relief compelling Defendant to restore proper authorial attribution in search results and structured data. Plaintiff further seeks any appropriate non-monetary remedies available to redress reputational injury, misattribution, and the ongoing suppression of her name in connection with her authored work.

**FIFTH CAUSE OF ACTION Declaratory Relief**

47. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

48. An actual controversy exists between Plaintiff and Defendant regarding the suppression and misattribution of Plaintiff's authored legal frameworks within Google's search ecosystem.

49. Plaintiff seeks a judicial declaration affirming that she is the sole and original author and public-facing theorist of the legal frameworks identified herein; that Defendant is displaying these works in a manner that omits proper source attribution; and that such omission constitutes reputational harm and undermines Plaintiff's digital identity as an author.

50. Declaratory relief is necessary to clarify the rights and obligations of the parties and to prevent further uncertainty, misattribution, or suppression of Plaintiff's digital identity and authorship.
51. Plaintiff respectfully requests that the Court enter judgment declaring her to be the originator and rightful author and theorist of the legal frameworks identified in this complaint.
52. Plaintiff further seeks equitable remedies consistent with this declaration, including but not limited to corrective attribution, restoration of authorial visibility, and reconfiguration of algorithmic practices that result in ongoing omission.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

53. A judicial declaration that Plaintiff is the original and rightful author and theorist of the legal frameworks identified in this Complaint, and that Defendant's omission of attribution constitutes reputational harm and interference with Plaintiff's digital identity;
54. An injunction requiring Defendant to restore and maintain accurate attribution of Plaintiff's authorship across all search engine result pages, metadata, and structured data systems where her authored legal frameworks appear;
55. An order directing Defendant to implement reasonable changes to its indexing or display systems to prevent further de-attribution or misattribution of Plaintiff's authorship and identity;

56. Appropriate non-monetary relief and equitable remedies to address the reputational injury, misattribution, and algorithmic suppression of Plaintiff's name and authored work;
57. Punitive or exemplary damages to the extent permitted by law for conduct found to be willful, malicious, or in reckless disregard of Plaintiff's authorship and identity rights;
58. Costs as permitted by law and, if later represented, reasonable attorneys' fees under any applicable statute, including but not limited to 15 U.S.C. § 1117;
59. Pre- and post-judgment interest as allowed by law;
60. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Katherine Starr
Plaintiff, Pro Se
115 Sandra Muraida Way #127
Austin, TX 78703
Katherine.starr2@icloud.com
310.309.1128
Date: Aug 05, 2025