# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**KATHERINE STARR, KSTARR** §
**ENTERPRISES LLC,** §
*Plaintiffs* §
§ **No. 1:25-CV-01216-RP**
**v.** §
§
**GOOGLE LLC,** §
*Defendant* §

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Google LLC's ("Google") motion to dismiss, Dkt.

10, and all related briefing. After reviewing these filings and the relevant law, the

undersigned will recommend that the District Judge grant the motion.

## I.   BACKGROUND

Plaintiff Katherine Starr is the author of a series of original "legal frameworks"

including Negligent Dating, Negligent Digital Access, Negligent Digital Architecture,

and the Digital Maritime Doctrine. Dkt. 35, at 3.[1] She alleges that when users search

for her legal frameworks using Google's search engine, the frameworks themselves

appear, but the search results "fail to return Plaintiff's name in connection with these

---

[1] Starr filed her first amended complaint in August 2025. Dkt. 6. Google moved to dismiss the first amended complaint in October 2025. Dkt. 10. In April 2026, Starr filed a "corrected" amended complaint in which she added KSTARR as a Plaintiff. Dkt. 35. Google did not object to the "correction." Because Google did not object to the correction and doing so does not change the undersigned's recommendation that the District Judge dismiss the case, the undersigned analyzes Google's motion to dismiss in light of the corrected complaint, Dkt. 35.

1

works." *Id.* at 4. She also alleges that Google's search engine turns up other Katherine Starrs, but it is unclear from the complaint whether this occurs when a user searches for Starr's legal frameworks or simply for the name "Katherine Starr." *Id.* at 4-5. Starr alleges that this conduct has "divert[ed] recognition, professional opportunity, and search authority away" from Starr, who is "the rightful originator of the frameworks." *Id.* She also alleges that her business, Plaintiff KSTARR Enterprises LLC ("KSTARR") has "experienced loss of prospective business opportunities, reputational dilution, and economic harm." *Id.* at 5.

Starr sues Google for false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), tortious interference with prospective economic advantage, "negligent digital architecture," "violation of commercial attribution rights," and declaratory relief. *Id.* at 6-12. Google moves to dismiss, arguing that it is immune from Starr's state-law claims under the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1), and that Starr otherwise fails to state a claim. Dkt. 10.

## II.     LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the

plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely

3

granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.    DISCUSSION

### A.    Starr fails to state a claim under the Lanham Act.

The District Judge should dismiss Starr's Lanham Act claim. The Lanham Act permits a claim against

> [a]ny person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin … which … is likely to cause confusion, or to cause mistake, or to deceive as to the … origin … of his or her goods, services, or commercial activities by another person[.]

15 U.S.C. § 1125(a)(1)(A). To state a claim under this provision, a plaintiff must establish, among other things, that the defendant "used" her trademark "in commerce." *Philip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 667, 674-76 (W.D. Tex. 2008). "[U]se in commerce" means, for goods, when a mark is "placed in any manner on … goods [being] sold or transported in commerce," and for services, when a mark is "used or displayed in the sale or advertising of services and the services are rendered in commerce." 15 U.S.C. § 1127.

Starr alleges only that Google "fail[ed] to associate Plaintiff's name with her frameworks, while surfacing derivative or competing content." Dkt. 35, at 6. Starr therefore does not allege that Google placed Starr's or KSTARR's mark on any goods or used or displayed her mark in the sale or advertising of services rendered in commerce. *See* 15 U.S.C. § 1127. Starr's case is distinguishable from *Rescuecom Corp. v. Google, Inc.*, where the defendant sold the plaintiff's mark to its advertising

customers. 562 F.3d 124, 129 (2d Cir. 2009). Here, Starr does not allege that Google

is selling anything. Therefore, Starr's Lanham Act claim should be dismissed.

> **B.    Starr fails to state a claim for tortious interference with prospective business relations.**

To state a claim for tortious interference with business relations, Starr needed

to allege

> (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result.

*WickFire, LLC v. Woodruff*, 989 F.3d 343, 356 (5th Cir. 2021) (quoting *Coinmach*

*Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013)).[2] Because

Starr fails to allege Google's intent, this claim should be dismissed.

To demonstrate that the defendant acted with the conscious desire to prevent

a business relationship or knew the interference was certain or substantially certain

to occur, "[t]he interfering party must know of the existence of a contract between the

plaintiff and a third party or have knowledge of facts that would lead a reasonable

person to conclude that a contract existed." *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89,

123 (Tex. App.—El Paso 1997, pet. denied); *see also Tex. Oil Co. v. Tenneco Inc.*, 917

---

[2] As Google points out, courts have expressed doubt as to whether a claim for tortious interference with prospective economic advantage exists under Texas law. *See Small Bus. Assistance Corp. v. Clear Channel Broad., Inc.*, 210 F.3d 278, 280 n.1 (5th Cir. 2000) (explaining "we have reservations that tortious interference with prospective economic advantage exists, as such, under Texas law"). The undersigned nonetheless analyzes whether Starr has stated a claim for tortious interference with prospective business relationships.

S.W.2d 826, 834 (Tex. App.—Houston [14th Dist.] 1994), *rev'd on other grounds sub nom. Morgan Stanley & Co. v. Tex. Oil Co.*, 958 S.W.2d 178 (Tex. 1997). A plaintiff should "identify with … particularity what third party it would have formed a business relationship with but for [defendant's] alleged interference." *Pureshield, Inc. v. Allied Bioscience, Inc.*, No. 4:20-CV-734-SDJ, 2021 WL 4492861, at *5 (E.D. Tex. Sep. 30, 2021) (cleaned up). In contrast, if the interference was an incidental result of conduct that the defendant engaged in for another purpose, the interference may be unintentional. *Bradford v. Vento*, 48 S.W.3d 749, 757 (Tex. 2001) ("If the actor had no desire to effectuate the interference by his action but knew that it would be a mere incidental result of conduct he was engaging in for another purpose, the interference may be found to be not improper." (cleaned up)); *see also Larson v. Fam. Violence & Sexual Assault Prevention Ctr. of S. Tex.*, 64 S.W.3d 506, 517 (Tex. App.—Corpus Christi 2001, pet. denied); *Coinmach*, 417 S.W.3d at 929 (Guzman, J., concurring).

Starr fails to adequately allege Google knew of the existence of any prospective business relationships between herself and third parties. *See Hill*, 964 S.W.2d at 123. Starr states that Google's algorithm interfered with Starr's relationships with "attorneys, legal teams, academic institutions, and consulting platforms." Dkt. 35, at 7. She claims Google "was aware, or reasonably should have been aware, that [Starr's] name and digital presence are essential to her public credibility, professional engagements, and recognition as the author of multiple legal frameworks." *Id.* at 8. This is the kind of "[t]hreadbare recital[]" of an element of a cause of action that does not suffice to state a claim under *Iqbal*. 556 U.S. at 678. Though Starr alleges that

Google generally understood that her "digital presence" was important to her business relationships, she fails to make any non-conclusory allegations that Google knew about prospective business relationships between Starr and specific attorneys, legal teams, academic institutions, or legal platforms. *See Pureshield*, 2021 WL 4492861, at *5 (concluding the intent element was not met where the plaintiff did not identify a specific third party with which it would have formed a business relationship). Instead, any effect on Starr's business relationships was likely an incidental effect of Google's broader "search algorithm and indexing practices." *See id.* at 7; *Bradford*, 48 S.W.3d at 757.

Finally, Starr fails to allege that Google had knowledge of facts that would lead it to conclude that prospective business relationships existed. *See Hill*, 964 S.W.2d at 123. Again, assuming Google knew generally that Starr used her "digital presence" to connect with clients, Starr still does not allege that Google had knowledge of facts that would lead it to conclude Starr had a prospective business relationship with any specific client. *See* Dkt. 35, at 7-8; *Pureshield*, 2021 WL 4492861, at *5. Starr's claim for tortious interference with prospective business relations fails.

### C.    Starr cannot state a claim for "negligent digital architecture" or "violation of commercial attribution rights."

Starr alleges she is entitled to relief based on two legal theories she created: "negligent digital architecture" and "violation of commercial attribution rights." Dkt. 35, at 8-11. In support of the former claim, she alleges that Google "owes a duty of care to ensure that its digital architecture does not foreseeably cause reputational or attribution-related harm to individuals whose identities and authored works are

indexed on its platform." *Id.* at 9. According to Starr, Google was negligent in failing to "design[] or maintain[] a digital infrastructure that ensures accurate author attribution." *Id.* In support of the latter claim, Starr states that "[b]y structurally detaching Plaintiff's name from search results referencing her original legal frameworks, Defendant has deprived Plaintiff of the right to be accurately represented as the author of her work in digital information environments." *Id.* at 10.

The District Judge should decline Starr's invitation to recognize these novel causes of action. *See Bittick v. JPMorgan Chase Bank, NA*, No. 4:11-CV-812-A, 2012 WL 1372126, at *5 (N.D. Tex. Apr. 18, 2022) (declining to create a cause of action not previously recognized in Texas or federal law). By Starr's own admission, her "negligent digital architecture" claim is based in her own legal frameworks, not state or federal law. *See* Dkt. 35, at 9. The undersigned also cannot identify any cause of action under state or federal law for "violation of commercial attribution rights."[3]

Starr suggests in her response that she intended to allege a negligent-design claim. *See* Dkt. 12, at 9 ("Plaintiff has pled this as Negligent Digital Architecture™, a claim grounded in product liability law and longstanding negligence principles, not a novel theory."), 16 ("Plaintiff alleges a recognized negligence duty: the duty not to release a defective product into commerce where design flaws foreseeably fracture

---

[3] Alternatively, the District Judge should dismiss Starr's claims for "negligent digital architecture" and "violation of commercial attribution rights" on the basis that Starr failed to oppose Google's motion challenging those claims. *See* Dkt. 12, at 7 ("Plaintiff's First Amended Complaint pleads negligence and trademark infringement under the Lanham Act."); *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) (affirming dismissal of claims because "[a] plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims").

authorship and identity in ways that cause harm."). There is some question of whether this claim appears on the face of Starr's complaint. But assuming Starr did intend to allege a product-liability claim, that claim should be dismissed.

"A manufacturer owes a duty to its customers under Texas law to design a product such that its use doesn't involve an unreasonable risk of harm." *Moncibaiz v. Pfizer Inc.*, 532 F. Supp. 3d 452, 461 (S.D. Tex. 2021) (citing *Gonzalez v. Caterpillar Tractor Co.*, 571 S.W.2d 867, 871-72 (Tex. 1978)). "With that particular duty in mind, the elements of a negligent-design claim are otherwise the same as that of a traditional negligence claim—duty, breach, causation, and damages." *Id.*; *see also Martinez v. Walgreen Co.*, 935 F.3d 396, 399 (5th Cir. 2019) (identifying the elements of a traditional negligence claim under Texas law). But a "manufacturer can't be liable for negligent design where the product at issue has been shown to not be unreasonably dangerous under a design-defect analysis." *Moncibaiz*, 532 F. Supp. 3d at 461; *see also Stagg-Shehadeh v. LPM Mfg., Inc.*, No. H-18-4775, 2021 WL 2405605, at *12 (S.D. Tex. May 26, 2021) (stating that to prevail on her negligent-design claim, plaintiff needed to show "a defect in the design that rendered the product unreasonably dangerous").[4] Assuming without deciding that Google is a "manufacturer" that owes a duty to individuals who make their content available online, Starr does not allege that Google's search engine is "unreasonably dangerous"

---

[4] A products-liability claim for design defect is a strict-liability cause of action under Texas law requiring a plaintiff to show that (1) "the product was defectively designed so as to render it unreasonably dangerous"; (2) "a safer alternative design existed"; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Moncibaiz*, 532 F. Supp. 3d at 458 (citing *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1040 (5th Cir. 2011)).

or offer any facts suggesting that Google's search algorithms are unreasonably dangerous. *See* Dkt. 35.[5] To the extent she brings one, her negligent-design claim fails.

> **D.    Starr cannot prevail on a freestanding claim for declaratory relief.**

Finally, declaratory relief is "remedial in nature" and not an independent cause of action. *Stallings v. CitiMortgage, Inc.*, 611 F. App'x 215, 218 (5th Cir. 2015). Because Starr has not alleged any viable claim, declaratory relief is not warranted. *Allen v. Bank of Am., N.A.*, No. EP-14-CV-429-KC, 2015 WL 1726986, at \*16 (W.D. Tex. Apr. 15, 2015) (dismissing cause of action for declaratory relief "in the absence of a cognizable cause of action").[6]

## IV.    RECOMMENDATION

In accordance with the discussion above, the undersigned **RECOMMENDS** that the District Judge **GRANT** Google's motion to dismiss, Dkt. 10, and **DISMISS** Starr's case with prejudice.

The referral of this case to the undersigned should now be canceled.

---

[5] Nor does Starr make any argument as to the factors courts consider when determining whether a design is unreasonably dangerous, including the danger of the product as compared to the "likelihood of injury from its use." *See Stagg-Shehadeh*, 2021 WL 2405605, at \*10-11 (quoting *Goodner*, 650 F.3d at 1040).

[6] As with Starr's claims for "negligent digital architecture" and "violation of commercial attribution rights," the District Judge should alternatively dismiss Starr's claim for declaratory relief because she failed to address Google's motion challenging it. *See* Dkt. 12, at 7 ("Plaintiff's First Amended Complaint pleads negligence and trademark infringement under the Lanham Act."); *Terry Black's*, 22 F.4th at 459.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 3, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

11